## QUINN-SHEPERDSON COMPANY v. GREAT NORTHERN RAILWAY COMPANY.[1]

### November 22, 1918.

### No. 20,951.

**Carrier — bill of lading — conditions as to delivery and inspection.**

A contract for the shipment of a car of wheat over the line of defendant's road contained the provision that the wheat should not be delivered to a named prospective purchaser without a surrender of the bill of lading, and that such prospective purchaser should not be permitted to inspect the wheat before such delivery. It is *held*:

(1) That the act of defendant on the arrival of the car at destination

[1]Reported in 169 N. W. 422.

in switching the same at the instance of the prospective purchaser onto an unloading side-track did not constitute a delivery to such purchaser; and

(2) That the carrier in such a case is not responsible for an inspection by the prospective purchaser when made through secret and stealthy means without the knowledge or consent of the carrier.

Action in the municipal court of Minneapolis to recover $158.33 for negligence in delivery of a carload of seed wheat in violation of the terms of the bill of lading. The answer alleged that if the Grand Forks Seed Company inspected the car it did so without the knowledge or consent of defendant. The case was tried before Charles L. Smith, J., who made findings and ordered judgment in favor of defendant. From an order denying its motion to amend the findings and from an order denying its motion for a new trial, plaintiff appealed. Affirmed.

*John P. Devaney* and *E. J. Frisbee,* for appellant.

*M. L. Countryman, Cobb, Wheelwright & Dille* and *John C. Benson,* for respondent.

BROWN, C. J.

Plaintiff is a corporation, organized under the laws of the state, and engaged in the grain and produce business at Minneapolis. On March 16, 1914, the company delivered to defendant at Minneapolis for shipment over its line of road to Grand Forks, in the state of North Dakota, a carload of seed wheat, consigned to itself, with directions on arrival at destination to notify the Grand Forks Seed Company. The shipment was made pursuant to previous negotiations with the seed company as a prospective purchaser, and upon the arrival of the car at Grand Forks that company was promptly notified by defendant's station agent. Upon receipt of the notice agents of the seed company inspected the wheat in the car and for reasons not here important declined to accept it. The refusal to accept was communicated to plaintiff on March 25, and on the thirtieth plaintiff sold the wheat to other parties, but at a price something less than the market value on the twenty-fifth, the date on which the seed company rejected the wheat and refused to take it.

The shipment of the wheat was under a bill of lading which contained the following stipulation or condition, namely:

"The surrender of this Original Order Bill of Lading properly indorsed shall be required before the delivery of the property. Inspection of property covered by the bill of lading will not be permitted unless provided by law, or unless permission is indorsed on the original bill lading, or given in writing by the shipper."

Plaintiff brought this action to recover the loss in the market value of the wheat, above referred to, on the theory and claim that defendant was responsible for such loss because of a violation of the terms of the bill of lading, in that defendant delivered the car of wheat to the seed company without requiring a surrender of the bill of lading, and permitted an inspection of the wheat, contrary to the provisions of the bill of lading, thus affording the seed company an opportunity to discover an excuse for refusing to accept the wheat.

Defendant by its answer put in issue the alleged violations of the contract, and the trial court found that defendant did not consent to or permit an inspection of the wheat by the seed company, that there was no violation of the terms of the bill of lading in that respect, and upon that finding ordered judgment for defendant. Plaintiff subsequently moved the court for a finding that defendant wrongfully delivered the wheat to the seed company, or for a new trial of the action. The motion was denied and plaintiff appealed.

Our consideration of the case is limited to the inquiry whether the evidence is clearly and manifestly against the finding that defendant did not violate the terms of the bill of lading by permitting an inspection of the wheat, and its refusal to find that defendant violated the contract by a delivery of the wheat without a surrender of the bill of lading. As we answer both questions in the negative, a consideration of the question of plaintiff's rights had defendant violated the contract in the respect stated becomes unnecessary.

It is quite clear from the evidence that the inspection of the wheat by the seed company was without knowledge of defendant; no consent thereto was given by its agents. Defendant cannot be held liable for an inspection gained by a secret or stealthy entry into the car. Such seems to have been the method adopted by the agents of the seed company. The only evidence claimed to support the theory that defendant wrongfully delivered the wheat to the seed company is found in the fact that at the

suggestion or request of that company defendant's agent caused the car containing the wheat to be switched onto the delivery track; the side-track from which like shipments were usually unloaded. In our view of the evidence that fact is wholly insufficient to require a finding that defendant thereby intended to deliver the car unconditionally to the seed company. It had no right to do so without a surrender of the bill of lading. And if the court had found such delivery, we are clear that it could not be sustained on the evidence here presented. There was there-fore no error in the refusal of the court to so find.

Order affirmed.